

**Dated: January 07, 2026.**

                                                _____
                                                **CHRISTOPHER G. BRADLEY**
                                                **UNITED STATES BANKRUPTCY JUDGE**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| In re:<br>**THE GATEWAY VENTURES,**<br>        Debtor. | §<br>§<br>§<br>§ | Case No. 21-30071-cgb<br><br>Chapter 7 |
| **LEGALIST DIP GP, LLC;**<br>**LEGALIST DIP FUND 1, LP;**<br>**GATEWAY EL PASO, LLC;**<br>**LEGALIST DIP SPV, II LP,**<br>        Plaintiffs,<br><br>v.<br><br>**THE GATEWAY VENTURES,**<br>**LLC;**<br>**TAXCORE LENDING, LLC,**<br>        Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Adv. No. 25-3004-cgb |

### OPINION REGARDING THE GATEWAY VENTURES, LLC'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 39] AND THE GATEWAY VENTURE'S COUNTERCLAIMS [ECF NO. 32] AND NOTICE OF OPPORTUNITY TO RESPOND

1

## Introduction

One of the defendants in this adversary proceeding seeks a summary judgment that certain property was not property of the chapter 7 estate and that the property was improperly sold to the plaintiffs by the chapter 7 trustee. In a prior ruling in the main bankruptcy case, the court found that the property was a part of the chapter 7 estate. By failing to timely object to such ruling, the defendant waived its right to later challenge this ruling.

However, because the plaintiffs did not assert this argument in response to the defendant's motion for summary judgment, the Court finds that it should give notice and an opportunity to respond before entering an order granting summary judgment in favor of the defendant. The Court also finds that it should give notice of its intent to grant summary judgment in favor of the plaintiff on this issue and dismiss the defendant's counterclaims.

## Jurisdiction and Authority

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper under 28 U.S.C. § 1409.

## Background

On February 2, 2021, Defendant The Gateway Ventures, LLC ("TGV") filed bankruptcy under chapter 11 of the Bankruptcy Code.[1] The Debtor's primary asset was 19 acres of property in El Paso, Texas (the "Property"), which it was attempting to develop.[2] The Debtor asserted that the Property was worth in excess of $15,000,000.[3] A few months later, TGV filed a motion asking for authority to borrow funds to pay off the first lienholder and to complete redevelopment of the Property (the "DIP Financing Motion").[4] On June 23, 2021, the Court entered an agreed order granting the DIP Financing Motion (the "DIP Financing Order"), which authorized TGV to take out a $10,000,000 short-term loan from Legalist DIP GP, LLC

---

[1] Case No. 21-30071, ECF No. 1. The Court is taking judicial notice of all documents filed in the main bankruptcy case that are referenced in this opinion.
[2] Case No. 21-30071, DIP Mtn, ECF No. 77.
[3] Case No. 21-30071, DIP Mtn, ECF No. 77.
[4] Case No. 21-30071, DIP Mtn, ECF No. 77.

2

("Legalist").[5] The DIP Financing Order granted Legalist a super-priority lien on the Property.[6]

On October 15, 2021, the Court entered an order confirming TGV's modified chapter 11 plan (the "Confirmation Order").[7] After confirmation, multiple creditors filed motions to convert the case, but they were resolved with agreed orders. Then the Court entered an order requiring TGV to appear and show cause why the case should not be converted or dismissed because it appeared that TGV was in material default under the confirmed plan.[8] On May 30, 2023, the Court converted this case to chapter 7.[9] Ronald Ingalls (the "Trustee") was appointed as the chapter 7 trustee and quickly sought and obtained Court approval to hire a broker to market and sell the Property.[10] No one objected to the broker's employment. In fact, Michael Dixson ("Dixson"), TGV's representative, moved to compel the Trustee to promptly market and sell the Property.[11] On March 21, 2024, the Trustee filed his first motion to sell the Property.[12] At the time, there were two offers to buy the Property, one from Dixson.[13] A few weeks later, the Trustee amended the sale motion and disclosed that Legalist might also try to purchase the Property by credit bid.[14] Several objections were filed. On April 16, 2024, the Court held a hearing to consider the sale motion and then reset the motion for May 14, 2024.

After the hearing, the Court entered an order expressly designed to confirm that all parties agreed with the Court's own judgment that the Property was property of the chapter 7 estate (the "Order Requiring Objection").[15] Specifically, the Order Requiring Objection states:

---

[5] Obj. to Mtn for Summ. J., ECF No. 41, Ex. A; Case No. 21-30071, ECF No. 98. Legalist DIP GP, LLC is one of the Plaintiffs in this adversary proceeding. For simplicity, the Court will refer to the Legalist Plaintiffs collectively as "Legalist."
[6] Obj. to Mtn for Summ. J., ECF No. 41, Ex. A; Case No. 21-30071, ECF No. 98.
[7] Mtn for Summ. J., ECF No. 39, Ex. B; Case No. 21-30071, ECF No. 246.
[8] Case No. 21-30071, ECF No. 460.
[9] Mtn for Summ. J., ECF No. 39, Ex. C; Case No. 21-30071, ECF No. 477.
[10] Case No. 21-30071, ECF No. 490.
[11] Case No. 21-30071, ECF No. 566.
[12] Case No. 21-30071, ECF No. 576.
[13] Case No. 21-30071, ECF No. 576.
[14] Case No. 21-30071, ECF No. 593.
[15] Case No. 21-30071, ECF No. 616.

3

> As discussed on the record, **in order to remove uncertainties from the proposed sale** that the parties have stated they want to proceed expeditiously, and because the confirmed chapter 11 Plan [ECF No. 245] does not appear to include express language one way or the other regarding revesting of property in the chapter 7 estate upon conversion, the Court wishes to establish the scope of the post-conversion estate.
>
> . . .
>
> Having researched the issue further, **the Court believes that the chapter 7 estate includes all of the property still held by the reorganized debtor and subject to the confirmed Plan— including the property proposed to be sold under the Sale Motion**—because the possibility of such a revesting is implicit in or assumed by the structure and provisions of the Plan, which the Court has authority to construe, and because the relevant provisions of the Code support this revesting. In addition, all parties appear to agree with this; there have been no objections since the time of conversion on this basis and the record from various hearings indicates this was believed—by the parties and by the Court that decided to convert the case—to be the outcome of that conversion.[16]

The Court went on to state "[a]ny parties who believe that the Court's view, as articulated above, is incorrect, must OBJECT IN WRITING **no later than May 3, 2024**, and appear at the Sale Hearing so that the Court may determine this issue expeditiously and without delaying the sale of the property."[17] To avoid any future dispute, the Court also explicitly stated "**[a]ny party receiving notice and not timely objecting in writing and supporting their objection by appearance and the Sale Hearing waives their right to challenge the Court's determination.**"[18]

---

[16] Case No. 21-30071, ECF No. 616 (emphasis added; citations omitted).
[17] Case No. 21-30071, ECF No. 616 (emphasis in original).
[18] Case No. 21-30071, ECF No. 616 (emphasis in original).

4

Notably, the Trustee gave notice of the Order Requiring Objection to all parties in interest, including TGV.[19] No objections to the Court's position as articulated in the Order Requiring Objection were timely filed.

On May 14, 2024, the Court conducted the sale hearing and determined that the Property should be sold to Legalist for $17,634,974.93, which included Legalist's credit bid.[20] After further hearing on the form of the sale order, the Court entered the sale order on July 10, 2024, wherein it expressly authorized the Trustee to sell the Property to Legalist.[21] After the sale order was entered, Dixson, acting pro se, filed an objection to the sale order, but did not challenge the status of the Property as property of the estate.[22] The Court overruled Dixson's untimely objection.[23] The sale of the Property to Legalist closed on October 7, 2024.[24]

A few months later, Legalist filed this adversary proceeding against TGV and TaxCORE Lending, LLC, challenging TGV's ability to contract with TaxCORE under the terms of TGV's plan of reorganization and seeking a determination that Legalist was therefore not liable to TaxCORE.[25]

In this adversary proceeding, despite the provisions in the Order Requiring Objection, discussed above, both TGV and TaxCORE have argued that the Property did not become property of the chapter 7 estate upon conversion.[26] In fact, TGV filed counterclaims against Legalist seeking a determination that the Property was not property of the estate.[27] Thereafter, TGV filed this motion seeking summary judgment that the Property vested in TGV upon confirmation of its plan of reorganization and was thus not property of the estate when it was sold to Legalist.[28]

---

[19] Case No. 21-30071, ECF No. 617.
[20] Transcript of May 14 Hrg, Case No. 21-30071, ECF No. 633.
[21] Mtn for Summ. J., ECF No. 39, Ex. E; Case No. 21-30071, ECF No. 653. Notably, the sale order expressly provided that Legalist was responsible for paying the claims of TaxCore, Inc. The Court has reviewed the sale order and transcripts from the sale hearings and finds Legalist's attempt to avoid this debt unpersuasive.
[22] Case No. 21-30071, ECF No. 658.
[23] Case No. 21-30071, ECF No. 665.
[24] Compl., ECF 1.
[25] Compl., ECF 1.
[26] *See* TaxCORE Mtn Summ. J., ECF No. 27; TGV's Original Counterclaims, ECF No. 32. TaxCORE and Legalist have since settled their dispute and a final judgment regarding the TaxCORE claims has been entered at ECF No. 47.
[27] TGV Original Counterclaims, ECF No. 32.
[28] Mtn Summ. J., ECF No. 39.

Rather than simply assert that this argument was waived by TGV's failure to object as required by the Court's Order Requiring Objection, Legalist instead contends that summary judgment should be denied under several other legal theories.[29]

Specifically, Legalist argues (1) that the DIP order gave Legalist first liens on the Property and remains enforceable; (2) that TGV lacks standing to challenge Legalists' liens or seek summary judgment under theories of judicial estoppel because the Debtor admitted that it would not have been able to confirm a plan without DIP financing; (3) that the Court must enforce the non-appealable sale order; (4) the equitable mootness doctrine bars TGV's challenge to the sale order; (5) the sale order expressly provides that Legalist is a good faith purchaser under 11 U.S.C. § 363(m), thus statutory mootness also bars TGV's challenge to the sale order; and finally (6) because TGV's interpretation would render conversion to chapter 7 meaningless, as the chapter 7 estate would have no assets to administer.[30] In response, TGV notes that in its objection Legalist fails to address whether the Trustee had any interest in the Property to convey when he conducted the sale.[31]

## Analysis

Summary judgment is to be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[32] A fact is material if it "might affect the outcome of the suit under the governing law."[33] This standard of review does not merely ask the court to determine "whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party

---

[29] Obj. Mtn Summ. J., ECF No. 41. This oversight by the parties to this case may be because it appears that current counsel for TGV and Legalist were not involved when the Order Requiring Objection was entered; however, it does not excuse the oversight, particularly by Mr. Dixson himself. TGV's representative, Dixson, certainly had knowledge of the Order Requiring Response and, in fact, attempted to bid on the Property during the sale process through another entity. There is simply no excuse for asserting this argument after having waived it prior to the sale hearing.
[30] Obj. to Mtn Summ. J., ECF No. 41.
[31] Reply to Obj. to Mtn Summ. J., ECF No. 42.
[32] FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[33] *Smith v. Brenoettsy*, 158 F.3d 908, 911 (5th Cir. 1998) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

6

based upon the record evidence before the court."[34] To defeat a motion for summary judgment, "the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial."[35] In determining a summary judgment motion, all facts and evidence must be taken in the light most favorable to the non-movant.[36]

When the parties fail to raise dispositive facts, Rule 56(f) of the Federal Rules of Civil Procedures, made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, allows a court to grant summary judgment independent of the motion, after giving notice and a reasonable time to respond.[37] Specifically, Rule 56(f) provides that a court may:

(1) grant summary judgment for a non-movant;
(2) grant summary judgment on grounds not raised by a party; or
(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

In this case, Legalist did not address the fact that TGV had notice of the Court's determination that the Property was included in the chapter 7 estate and had waived its right to challenge such determination by failing to timely object. As this fact is dispositive, the Court is inclined to deny TGV's summary judgment motion on this ground and to grant summary judgment in favor of Legalist on TGV's counterclaims, thereby dismissing those claims.

**FOR THESE REASONS, NOTICE** is hereby given that the Court is inclined to deny TGV's Motion for Summary Judgment and grant summary judgment in favor of Legalist on TGV's counterclaims and dismiss those claims because TGV waived its right to challenge whether the Property was property of the chapter 7 estate.

**IT IS FURTHER ORDERED** that the parties have until **January 27, 2026** to file a response to this memorandum opinion. If a response is not timely filed, the

---

[34] *James ex rel. James v. Sadler*, 909 F.2d 834, 837 (5th Cir. 1990) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).
[35] *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007) (citation omitted).
[36] *United Fire & Cas. Co. v. Hixson Bros.*, 453 F.3d 283, 285 (5th Cir. 2006) (citing *Matsushita*, 475 U.S. at 587).
[37] FED. R. CIV. P. 56(f).

Court will enter an order denying TGV's summary judgment motion and granting summary judgment in favor of Legalist as to TGV's counterclaims and dismissing those claims without further notice or hearing. If a response is timely filed, the Court will consider such response prior to ruling on these matters.

# # #